SHOOK HARDY & BACON L.L.P.
ALICIA J. DONAHUE, State Bar No. 117412
*adonnahue@shb.com*
ALEXANDER A. GUNEY, State Bar No. 308192
*aguney@shb.com*
One Montgomery Tower, Suite 2600
San Francisco, CA 94104-2834
Telephone: 415.544.1900
Facsimile: 415.391.0281

*Attorneys for Defendant*
MEDTRONIC, INC.
(incorrectly identified as Medtronic USA, Inc.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD VAN DE POL; DONNA VAN DE POL,<br><br>Plaintiffs,<br><br>v.<br><br>MEDTRONIC USA, INC., and DOES 1 to 50,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**<br><br>Complaint Filed: November 26, 2019 |

1
DEFENDANT'S NOTICE OF REMOVAL

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND COUNSEL OF RECORD FOR THE PARTIES:

PLEASE TAKE NOTICE THAT Defendant Medtronic, Inc. (incorrectly identified as Medtronic USA, Inc.) ("Medtronic") hereby removes the state-court action entitled *Bernard Van De Pol v. Medtronic USA, Inc., et al.*, civil action no. STK-CV-UPL-2019-15817, filed in the Superior Court of California, County of San Joaquin to the U.S. District Court for the Eastern District of California. Removal is proper under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. In support of removal, Medtronic states:

### I.   STATE COURT ACTION

1. On November 26, 2019, Plaintiffs Bernard Van De Pol ("Mr. Van De Pol") and Donna Van De Pol ("Ms. Van De Pol") (collectively, "Plaintiffs") filed a civil action in the Superior Court of the State of California, County of San Joaquin, entitled *Bernard Van De Pol v. Medtronic USA, Inc.*, civil action no. STK-CV-UPL-2019-15817 (the "State Court Action"). (Declaration of Alexander A. Guney in Support of Removal ("Guney Decl."), **Exhibit 1**).

2. This medical device product liability action purportedly stems from the use of a defibrillator allegedly manufactured by Medtronic. In the State Court Action, Mr. Van De Pol alleges general negligence and product liability claims for injuries he allegedly suffered as a result of being shocked by his defibrillator. (*Id.* at p. 4). Separately, Ms. Van De Pol alleges a general negligence claim and seeks damages for the alleged emotional distress of witnessing Mr. Van De Pol being shocked by his defibrillator. (*Id.* at p. 6).

3. The summons and complaint were served upon Medtronic on December 19, 2019. (Guney Decl., **Exhibit 2**).

4. As demonstrated below, the State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441, because this Court has original jurisdiction of the State Court Action under 28 U.S.C. § 1332(a)(2)(1) because there is complete diversity of citizenship between the

parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, as discussed below, Medtronic has satisfied the procedural requirements for removal.

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS OF REMOVAL

5.  This Notice of Removal is timely because it is filed within thirty days after Medtronic first received a copy of the complaint and because it is filed less than one year after this action commenced. *See* 28 U.S.C. § 1446(b)(1) and (c).

6.  Pursuant to 28 U.S.C. § 1441(a), venue in the United States District Court for the Eastern District of California is proper because this Court is "the district and division embracing the place where such action is pending," specifically San Joaquin, California.

7.  Pursuant to 28 U.S.C. § 1446(d), Medtronic will promptly file a Notice of Filing Notice of Removal, attaching thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal, with the Clerk of San Joaquin County Superior Court where the State Court Action was pending, and will serve a copy of the same upon counsel for Plaintiffs.

8.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other documents served on Medtronic in the State Court Action are attached hereto as **Exhibit 3**. Medtronic's answer filed in the State Court Action is attached hereto as **Exhibit 4**.

9.  By filing this Notice of Removal, Medtronic does not waive and expressly reserves any and all arguments and defenses that might be available to it, including without limitation any arguments and defenses pursuant to Federal Rule of Civil Procedure 12. Medtronic further reserves the right to amend or supplement this Notice of Removal.

## III. DIVERSITY JURISDICTION

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and 1442 because this is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Removal under 28 U.S.C. § 1441 is appropriate since complete diversity of citizenship exists between Plaintiffs and Medtronic, which is not a citizen of California, the State in which the State Court Action was brought.

### a. Plaintiffs' Citizenship

11. Plaintiff Bernard Van De Pol is a natural person residing in Escalon, California. (Guney Decl., Ex. 1 at p. 4; *see also* Guney Decl., ¶ 6).

12. Plaintiff Donna Van De Pol is a natural person residing in Escalon, California. (Guney Decl., Ex. 1 at p. 6; *see also* Guney Decl., ¶ 7).

13. There is a legal presumption that the state in which a person resides at any given time is also that person's domicile. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614-15 (9th Cir. 2016) (citing *Anderson v. Watts*, 138 U.S. 694, 706 (1891)); *see also District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Upon information and belief, Plaintiffs intend to remain in California. (Guney Decl., ¶ 8).

14. Plaintiffs are therefore citizens of California for purposes of determining diversity jurisdiction.

### b. Defendant's Citizenship

15. For purposes of determining diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. *3123 SMB LLC v. Horn*, 880 F.3d 461, 462-63 (9th Cir. 2018) (citing 28 U.S.C. § 1332(c)(1)).

16. Defendant Medtronic USA, Inc. is, and was at the time Plaintiffs commenced the State Court Action, a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. (Guney Decl., ¶ 9).

17. Although not named as a defendant, Medtronic, Inc. is, and was at the time Plaintiffs commenced the State Court Action, a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. (Guney Decl., ¶ 10).

18. For purposes of removal and diversity citizenship, Medtronic USA, Inc. and Medtronic, Inc. are thus considered citizens of Minnesota. Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332 because Plaintiffs are not citizens of the same state as Medtronic.

### c. Amount in Controversy

19. Plaintiffs' complaint seeks damages for an unspecified sum in excess of $25,000. (Guney Decl., Ex. 1, p. 1).

20. Medtronic expressly disputes any liability to Plaintiffs for any monetary, declaratory, or equitable relief, under any claim, and reserves the right to dispute that Plaintiffs' complaint state a claim upon which relief can be granted or otherwise presents a justiciable controversy. For removal purposes, however, Medtronic submits that the amount in controversy exceeds $75,000, exclusive of interest and costs.

21. Based on medical records provided by Plaintiffs, Mr. Van De Pol's medical expenses exceeded $78,000. (Guney Decl., ¶ 11.) In addition to medical expenses, Ms. Van De Pol seeks damages for emotional distress caused by witnessing Mr. Van De Pol's alleged injuries.

22. The Ninth Circuit has held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see also Scheideman v. Avolve Software Corp.*, No. 14-cv-01217-MCE, 2014 WL 5324304, at *3 (E.D. Cal. Oct. 17, 2014) (denying plaintiff's motion to remand and finding amount-in-controversy requirement satisfied where plaintiff issued a pre-suit settlement demand for approximately $128,000 with supporting documentation).

23. Plaintiffs, through counsel, have made a settlement demand of Medtronic in excess of the jurisdictional minimum. (Guney Decl., ¶ 12).

24. Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV. CONCLUSION

25. All conditions and procedures for removal have been satisfied.

26. Accordingly, Medtronic, under 28 U.S.C. § 1441, 1446 and 1332, removes to this Court the State Court Action. Medtronic requests that this Court assume jurisdiction of this case as if it had been originally filed here, and that further proceedings in the State Court Action be stayed. Should any questions arise as to the removal of this matter, Medtronic respectfully requests an

opportunity to conduct appropriate discovery and/or to provide briefing and oral argument as to why removal is proper. In this civil action, there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy is satisfied, making this action removable pursuant to 28 U.S.C. § 1332, 1441 and 1446.

WHEREFORE, Medtronic respectfully removes the State Court Action from the Superior Court for the State of California, County of San Joaquin to the United States District Court for the Eastern District of California for trial and determination of all issues.

Dated: January 17, 2020

Respectfully Submitted

SHOOK, HARDY & BACON L.L.P.

By: _____
Alicia J. Donahue
Alexander A. Guney
*Attorneys for Defendant*
MEDTRONIC, INC.
(incorrectly identified as Medtronic USA, Inc.)

6

DEFENDANT'S NOTICE OF REMOVAL

4821-1676-3825